IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**ARIEL DIAZ, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 1:21-cv-5707

**HARLO ELMHURST, INC.**     **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Ariel Diaz ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendant Harlo Elmhurst, Inc. ("Defendant"), he states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and overtime provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper overtime compensation under the FLSA and the IMWL.

## II.     JURISDICTION AND VENUE

3.     The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.     This Complaint also alleges IMWL violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's IMWL claims pursuant to 28 U.S.C. § 1367(a).

5.     The acts complained of herein were committed and had their principal effect against Plaintiff within the Eastern Division of the Northern District of Illinois; therefore, venue is proper pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

6.     Plaintiff is an individual and resident of Cook County.

7.     Defendant is a domestic, for-profit corporation.

8.     Defendant's registered agent for service of process is Joseph A. Giralamo, at 340 West Butterfield Road, Suite 2D, Elmhurst, Illinois 60126.

## IV.     FACTUAL ALLEGATIONS

9.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10.     Defendant owns and operates the restaurant Harlo Grill, which has 2 locations in Illinois.

11.     Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that

have been moved in or produced for interstate commerce, such as food and beverage products.

12. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

13. Defendant employed Plaintiff as a Cook from October of 2018 until September of 2021.

14. Plaintiff worked at two locations for Defendant within Illinois, including 2300 West North Avenue, Melrose Park, Illinois 60160 and 929 South York Street, Elmhurst, Illinois 60126.

15. At all times relevant herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the IMWL.

16. Defendant also employed other Cooks within the three years preceding the filing of this lawsuit.

17. At all relevant times herein, Defendant directly hired Cooks to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, and employment conditions, and kept at least some records regarding their employment.

18. As a Cook, Plaintiff was primarily responsible for preparing food for Defendant's customers.

19. Other Cooks had the same or similar duties as Plaintiff.

20. Defendant paid Plaintiff an hourly wage.

21. Other Cooks were also paid an hourly wage.

22. At all times material herein, Plaintiff has been classified by Defendant as nonexempt from the overtime requirements of the FLSA, and IMWL.

23. At all relevant times herein, Defendant directly hired Plaintiff and other Cooks to work at its business, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

24. Plaintiff regularly worked over forty hours per week.

25. Each time Plaintiff worked more than forty hours in one week his pay stubs reflected only forty hours of work.

26. Upon information and belief, other Cooks had similar schedules as Plaintiff and also regularly worked over forty hours per week.

27. Defendant failed to pay Plaintiff and other Cooks an overtime rate for hours worked over forty each week.

28. Plaintiff's paycheck generally reflected forty hours of work per week, and for hours he worked over forty he was paid a straight time rate in cash.

29. Plaintiff was paid an additional $1.00 in cash for each hour that he worked.

30. Upon information and belief, other Cooks were paid in a similar manner and were also paid their regular hourly rate for hours worked over forty per week.

31. Defendant failed to pay Plaintiff and other Cooks a sufficient overtime premium for hours worked over forty each week.

32. For a few months during the Covid-19 pandemic, Plaintiff's hours were reduced to around 20 hours per week. However, for the majority of his tenure working for Defendant, he estimates he worked around 50 hours per week.

33. Therefore, other than for a few months around March of 2020, Plaintiff worked over 40 hours—and therefore incurred damages—in almost every week that he worked for Defendant.

34. Defendant scheduled Plaintiff to work approximately 50 hours per week.

35. Plaintiff's final paycheck was short approximately 9 hours of pay and he therefore incurred damages in the final week of his employment.

36. Defendant knew or showed reckless disregard for whether the way it paid, and failed to pay, Plaintiff and other Cooks violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

37. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

38. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Cooks who were, are, or will be paid wages by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

39. Overtime premiums for all hours worked over forty in any week;

40. Liquidated damages; and

41. Attorneys' fees and costs.

42. Plaintiff proposes the following collective under the FLSA:

> **All Cooks, or all employees who had the same or similar duties as Cooks, who received payment within the past three years for work performed in any week in which they worked over forty hours.**

43. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

44. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

45. The members of the proposed FLSA collective are similarly situated in that they share these traits:

　　A.　They were paid on an hourly basis;

　　B.　They worked over forty hours in at least one week within the three years preceding the filing of this lawsuit;

　　C.　They had the same or substantially similar job duties and requirements; and

　　D.　They were subject to Defendant's common policy of failing to pay employees 1.5x their regular hourly rate for hours worked over 40 in a week;

46. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds 20 persons.

47. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

48. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

49. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

50. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

51. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

52. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

53. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

54. Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA.

55. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

56. Defendant knew or should have known that its actions violated the FLSA.

57. Defendant's conduct and practices, as described above, were willful.

58. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

59. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof,

Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

60. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII. SECOND CLAIM FOR RELIEF
(Collective Action Claim for Violation of the FLSA)

61. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated herein.

62. Plaintiff brings this action on behalf of all other similarly situated individuals to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours they worked in excess of forty each week.

63. Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

64. 29 U.S.C. § 207 requires employers to pay each employee 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

65. Defendant failed to pay Plaintiff and other similarly situated employees at the proper overtime rate for all hours worked in excess of forty hours in a week, despite their entitlement thereto.

66. Defendant's conduct and practices, as described above, have been and is willful, intentional, unreasonable, arbitrary and in bad faith.

67. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

68. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII. THIRD CLAIM FOR RELIEF
(Individual Claim for Violation of the IMWL)

69. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

70. Plaintiff asserts this claim for damages and declaratory relief pursuant to the IMWL, 820 ILCS 105/1, *et seq.*

71. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the IMWL, 820 ILCS 105/3.

72. IMWL, 820 ILCS 105/4a(1) requires employers to pay all employees 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 820 ILCS 104/4a(2).

73. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

74. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

75. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, damages of 5% of the amount of underpayment for each month following the date of payment during which such underpayments remain unpaid, costs, and a reasonable attorney's fee provided by the IMWL for all violations which occurred within the three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling. 820 ILCS 105/12.

76. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the IMWL, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Ariel Diaz, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the IMWL and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the IMWL and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the IMWL and their related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**ARIEL DIAZ, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com